UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRUD ROSSMANN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-0977 (ESH) |
| CHASE HOME FINANCE LLC, ET AL. | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Brud Rossmann brings this action *pro se*[1] against defendants Chase Home Finance, LLC, Chase Manhattan Mortgage Corporation, and Chase Manhattan Bank, USA N.A. ("defendants"), alleging that during the course of the parties' mortgage servicing relationship, defendants allegedly misapplied his property tax payments, thereby causing the foreclosure of his property. Before the Court is defendants' Joint Motion to Dismiss, which the Court will grant for the reasons explained herein.

## BACKGROUND

Despite the fact that plaintiff is a 1989 graduate of Harvard Law School, his Amended Complaint is complex, garbled, and accompanied by hundreds of "exhibits," which appear to

---

[1] Although plaintiff is proceeding *pro se*, he is an attorney and an experienced litigant. Therefore, plaintiff "is not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court." *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007), *aff'd*, No. 07-5119, 2007 U.S. App. LEXIS 30275 (D.C. Cir. Aug. 27, 2007).

have been assembled in no particular order.[2] The Court has waded through these documents (hereafter "Amend. Compl.") and has gleaned the following pertinent facts.

Plaintiff Brud Rossmann, who currently resides in the District of Columbia and the State of New York, purchased property at 2321 Sawtooth Oak Court, Vienna, Virginia 22182 (also referred to as "Lot 8, Cedar Lane") on or about September 8, 2000. (Amend. Compl. Glossary ¶¶ 1, 10; Amend. Compl. ¶¶ 6, 14) Defendants allegedly serviced the mortgage for this property from approximately 2000 until the property was sold in May 2003. (Amend. Compl. ¶¶ 8.1-8.5.) Plaintiff alleges that defendants "violated various [unspecified] Deed of Trust provisions" and "leveraged" an estimated $170,000 of plaintiff's cash "as de facto real estate development financing without plaintiff's consent." (*Id.* ¶¶ 15, 16.) In addition, plaintiff alleges that his tax payments made to Chase over several years "were not used for payment against Plaintiff's property or properties, including critical property tax payments that slipped into delinquency or foreclosure without notice" (*Id.* ¶ 21.) Consequently, "this failure to apply such funds" allegedly "forced one or more such properties into foreclosure, beginning in 2002" (*Id.*) In addition, plaintiff charges that defendants "refused to account or provide related documentation" regarding the "cash balances paid by Plaintiff that extended into mid-2004 and beyond." (*Id.* ¶ 26.) Finally, plaintiff accuses defendant of engaging "in litigation and third-party transactions in Plaintiff's name . . . without due or any authorization to the direct prejudice of Plaintiff." (*Id.* ¶ 28.)

---

[2] Indeed, many of plaintiff's submissions (for example, a veterinary bill for a 75-pound black Labrador) appear to be completely irrelevant to this case.

## ANALYSIS

I. **PERSONAL JURISDICTION**

Among its many meritorious arguments, defendants argue that the case should be dismissed for lack of personal jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendants.[3] *See Crane v. N.Y. Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990). The Court need not treat all of the plaintiff's allegations as true when determining whether personal jurisdiction exists over the defendant. Instead, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (1990)). However, the Court should resolve any factual discrepancies with regard to the existence of personal jurisdiction in favor of the plaintiff. *See Crane*, 894 F.2d at 456.

The D.C. Court of Appeals has set forth a two-part inquiry for establishing personal jurisdiction over a nonresident defendant. First, a court must "examine whether jurisdiction is applicable under the state's long-arm statute," and second, "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

---

[3] Plaintiff argues that Defendants' use of the word "national" in its corporate name, combined with its "multi-State" operations somehow require the Court to "presume" personal jurisdiction at the motion to dismiss stage. (Plaintiff's Opposition to Joint Motion to Dismiss ["Opp."] at 34-35.) This is not the law. *See, e.g.*, *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 523-24 (D.C. Cir. 2001) (plaintiff must allege specific acts connecting the defendant with the forum).

In the District of Columbia, there are three statutory bases for the exercise of personal jurisdiction over a corporation. The plaintiff may establish "general" personal jurisdiction against resident corporations under D.C. Code Section 13-422,[4] or against foreign corporations under D.C. Code Section 13-334(a).[5] The plaintiff may establish "specific" personal jurisdiction under D.C. Code Section 13-423, the District of Columbia's long-arm statute.

Defendants argue that this Court lacks general jurisdiction over them, as none of them are residents of D.C. and plaintiff has made no allegation to the contrary. (Joint Motion to Dismiss ["Mot."] at 9; Amend. Compl. at p.1 (caption) and ¶ 8.) Defendants are citizens of Delaware and/or New Jersey, and while plaintiff claims that certain defendants were at times "based" in Ohio and Arizona (Amend. Compl. ¶ 8), at no time does he allege, let alone establish, that any defendant is "domiciled in, organized under the laws of, or maintain[s] . . . its principal place of business in, the District of Columbia." D.C. Code § 13-422. As such, personal jurisdiction cannot be based on Section 13-422.

Nor may plaintiff look to Section 13-334(a) for general personal jurisdiction. Regardless of whether defendants were "doing business in the District," plaintiff may not invoke Section 13-334(a) as the basis for personal jurisdiction against a foreign corporation unless the corporation has been served within the District of Columbia. *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C. 1993) ("specific jurisdictional requirement of D.C. Code § 13-334(a) that service be

---

[4] "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422.

[5] "In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court." D.C. Code § 13-334(a).

4

made in the District of Columbia"); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) ("Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a), . . . a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'" (quoting *Everett*, 628 A.2d at 108)).

It is also clear that plaintiff has not met his burden of showing specific personal jurisdiction over defendants under the long-arm statute, which provides in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

D.C. Code § 13-423(a). Section 13-423 makes clear that, where jurisdiction is predicated solely upon the long-arm statute, "only a claim for relief arising from acts enumerated in this section may be asserted against him." D.C. Code § 13-423(b). Plaintiff has failed to allege any facts that would establish personal jurisdiction under the long-arm statute, and having carefully reviewed plaintiff's lengthy complaint, his opposition to defendants' motion to dismiss, and a veritable basket of miscellaneous (and often meaningless) documents, it is clear that none of the allegations in this case relate in any way to the District of Columbia. This case arises out of the alleged conduct of three Delaware and New Jersey entities regarding property in the

5

Commonwealth of Virginia.[6] (Amend. Compl. Glossary ¶ 1; Amend. Compl. ¶ 8.) Plaintiff's claims do not arise out of any transaction or contract to supply services in the District of Columbia, and no tortious conduct is alleged to have occurred here. (*See* Amend. Compl.) Furthermore, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. Plaintiff's assertion that he is "now residing in the District of Columbia and the State of New York" (Amend. Compl. ¶ 6) is insufficient to establish jurisdiction under the long-arm statute. An economic injury does not occur "in the District of Columbia" simply because plaintiff is a resident. *Helmer v. Doletskaya*, 393 F.3d 201, 208-09 (D.C. Cir. 2004) (citing interpretations of similar language in New York and Colorado long-arm statutes). Rather, the situs of economic injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff. *Id.* Moreover, defendants correctly point out that the "D.C. based correspondence" variously referred to by plaintiff is insufficient, standing alone, to support personal jurisdiction under the long-arm statute. (Opp. at 33, 37.) *See Dove v. United States*, No. 86-cv-0065, 1987 WL 18739, at *3 (D.D.C. Oct. 9, 1987) ("An act within the district will not confer jurisdiction if it is of 'minimal significance' to the transaction as a whole."); *Mitchell Energy Corp. v. Mary Helen Coal Co.*, 524 F. Supp. 558, 564 (D.D.C. 1981) ("Exchange of letters and telephone communications with a party in the District of Columbia alone is not considered a jurisdictionally significant contact by District of Columbia courts.").

---

[6] Indeed, plaintiff filed suit against defendants in 2008 in the Eastern District of Virginia, alleging six claims which also arose from the same mortgage servicing relationship with plaintiff with regard to the same property, deed of trust, and foreclosure as those at issue here. All of plaintiff's claims were dismissed on September 3, 2008, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Rossmann v. Lazarus*, No. 1:08-cv-0316, 2008 U.S. Dist. LEXIS 68408 (E.D. Va. Sept. 3, 2008).

Plaintiff's claims must therefore be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.[7]

## II. VENUE

Even if plaintiff could establish personal jurisdiction over defendants, which he has not, defendants argue that the case should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). The Court agrees.

As a preliminary matter, venue must be determined pursuant to 28 U.S.C. § 1391(a), as subject-matter jurisdiction here is founded only on diversity of citizenship.[8] Accordingly, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). As previously noted, defendants neither reside in the District of Columbia nor are subject to personal jurisdiction here. Furthermore, the District appears to have almost no connection to this case whatsoever, and can in no way be said to be the location of "a substantial

---

[7] As plaintiff has failed to establish a valid statutory basis for personal jurisdiction, the Court need not address whether a finding of jurisdiction satisfies the constitutional requirements of due process.

[8] Plaintiff's allegations that subject-matter jurisdiction also exists pursuant to federal question jurisdiction, 28 U.S.C. § 1332, civil rights and elective franchise jurisdiction, 28 U.S.C. § 1343, and supplemental jurisdiction, 28 U.S.C. § 1367, are without merit. The Amended Complaint's two counts—unjust enrichment and constructive trust—are common-law based actions, and do not properly fall within either federal question or 28 U.S.C. § 1343 jurisdiction. (*See* Amend. Compl.) Accordingly, supplemental jurisdiction is inapplicable here. *See* 28 U.S.C. § 1367.

part of the events or omissions" giving rise to the plaintiff's claims. Moreover, the property that is the subject of the action is situated in Virginia, not the District. The case will therefore be dismissed for improper venue pursuant to Rule 12(b)(3).[9]

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss. Plaintiff's assorted motions to stay the litigation are denied as moot. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: March 25, 2011

---

[9] Defendants also argue that the Court should dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as time-barred under the applicable statute of limitations and barred by *res judicata*, having already been dismissed by the United States District Court for the Eastern District of Virginia. (Mot. at 6-8.) It is unnecessary to address these arguments in light of the Court's holding that this case must be dismissed for lack of personal jurisdiction and venue.